## Case No. 7,060.

### The IOSCO.

[Brown. Adm. 495.] [1]

District Court, E. D. Michigan. June, 1874.

W. A. Moore, for libellant.
H. B. Brown, for claimant.

LONGYEAR, District Judge. Whether the claim of libellants arises out of a maritime contract, and whether they have a right of action in this court in rem, depends upon the question of fact whether what libellants did and furnished were to and for a vessel already in existence, or whether they were so done and furnished in part to bring her into existence as a complete thing. If the former, then the action will lie. If the latter, it will not lie, and this court has no jurisdiction. It was so settled fully and definitely by the supreme court in December term, 1857, in the case of People's Ferry Co. v. Beers, 20 How. [61 U. S.] 393, and reaffirmed in December term, 1859, in the case of Roach v. Chapman, 22 How. [63 U. S.] 129. In the mind of the court there is no room for doubt or discussion as to the question of fact. What libellants did and fur-

nished were clearly by way of completing the construction of the vessel, and constituted in no sense within the meaning of the maritime law, repairs and materials, and for which by that law an action in rem will lie. It makes no difference that the vessel was in the water. It is always the case that a portion of the construction of a vessel is done after she has been put in the water. Neither is there anything in the position of libellant's advocate, that the schooner had to all intents and purposes assumed the position and liabilities of a vessel by taking in and transporting freight on her trip from Alabaster to Bay City, and that therefore what was done and furnished to and for her at the latter place by libellants, must be deemed as repairs, etc. The undisputed testimony is that the flour, etc., were taken as ballast. But even if this were otherwise, the position could not be maintained, because it clearly appears that the vessel was not so far completed at the time as to enable her to discharge the functions for which she was intended, and that the sole purpose of the trip was to avail her owners of the greater facilities of Bay City to complete her construction, and that the taking on of the flour, etc., was a barely incidental matter. I hold, therefore, that libellant's claim is for construction merely, and consequently, upon authority of People's Ferry Co. v. Beers, supra, an action in rem will not lie. Libel dismissed.